FILED

OCT 3 1 2012


CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| RANDALL J. MEIDINGER, | * | CIV. 12-5064 |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| -vs- | * | ORDER |
|  | * |  |
| CITY OF RAPID CITY, and | * |  |
| PETER RAGNONE, STEVE ALLENDER, | * |  |
| JERRY WRIGHT, and JOHN LEAHY, | * |  |
| in their individual and official capacities, | * |  |
| SAM KOOIKER, in his individual capacity, | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are a motion for a more definite statement and a motion to strike filed by the defendants.[1]  Defendant Jerry Wright, who is represented by different counsel from the other defendants, joins in the motions.[2]

## BACKGROUND

**Plaintiff's Complaint.**

Randall Meidinger filed and served a 35 page, 101 paragraph, complaint.[3]  The complaint is divided into sections, and one section is divided into sub-sections.  The sections are:

Introduction (pp. 1-4, ¶¶ 1-9);

Jurisdiction and Venue (pp. 4, ¶ 10);

---

[1]Doc. 6.

[2]Doc. 10.

[3]Doc. 1.

Parties (pp. 4-6, ¶¶ 11-17); and

Facts (pp. 6-26, ¶¶ 18-85).

Untitled prayer for relief (p. 34).

Beginning at ¶ 86 on page 27 the complaint alleges three causes of action under 42 U.S.C. § 1983.[4]

The causes of action are:

Count I— Reckless Investigation, Failure to Disclose Material Exculpatory Evidence and Fabrication of Material Inculpatory Evidence;

Count II—  Monell Claim Against the City of Rapid City for Unconstitutional Customs, Policies and/or Practices; and

Count III— Supervisory Liability of Defendant Allender.

The Fact section is sub-divided into sections entitled:

Kooiker's Political Background and Motivations (pp. 6-8, ¶¶ 18-24);

Kooiker's Initial and Private Investigations (pp. 9-15, ¶¶ 25- 47);

The Criminal Investigation and Prosecution (pp. 15-19, ¶¶ 48-64);

The Fabricated Confession (pp. 19-21, ¶¶ 65-73); and

Post Meidinger Termination Investigation (pp. 21-26; ¶¶ 74-85).

**Defendants' Motions.**

Defendants have moved for an Order striking Plaintiff's Complaint and every claim and cause of action in it under FED. R. CIV. P. 12(e) and FED. R. CIV. P. 12(f), or in the alternative for an Order requiring Plaintiff to amend his Complaint under FED. R. CIV. P. 8(a) so that the complaint

---

[4]Doc. 1, pp. 27-35, ¶¶ 86-101.

is a short and plain pleading.[5]  The defense also requests a more definite statement under FED. R. CIV. P. 12(e).[6]

## ANALYSIS AND DECISION

**Defendants' Arguments**.

Fed. R. Civ. P. 8(a) requires that a plaintiff's complaint contain short and plain statements of the plaintiff's legal claim for relief. . . .  Rule 8 does not require detailed factual allegations, but rather only permits a short and plain statement of detailed facts, not a lengthy narrative, replete with irrelevant and extraneous facts and unfounded opinions. . . .  A great number of these paragraphs contain background information, political opinions, and facts which are wholly irrelevant to Meidinger's ultimate claims.[7]

**Plaintiff's Response.**
Plaintiff opposes Defendants' motion for the reasons that 1) Defendants fail to identify any vagueness, ambiguity or defect requiring a more definite statement pursuant to Rule 12(e); 2) Defendants fail to identify irrelevant or redundant information in the Complaint to support their motion to strike the Complaint; and 3) the nature of the cause of action and factual events supporting the same as drafted by Plaintiff are commensurate with the drafting contemplated by Rule 8.[8]

According to Plaintiff, Rule 12(e) is intended to cure vagueness or ambiguity in a pleading.[9]

Regarding Rule 8, Plaintiff argues that the plain statement must possess enough heft to show that

the pleader is entitled to relief.[10]  Regarding Rule 12(f), Plaintiff argues the defense has failed to

---

[5]Doc. 6.

[6]Doc. 6, p. 3 & 5.

[7]Doc. 6, p. 2-3 (internal quotation marks omitted).

[8]Doc. 12, p. 1.

[9]Doc. 12, p. 2.

[10]Doc. 12, p. 4.

identify anything which is redundant or is not material.[11]  Plaintiff argues that which the defense urges as not relevant is indeed relevant because it shows a pattern of conduct.[12]

**Defendants' Rebuttal.**

Defendants argue "prolixity does not produce clarity but rather results in confusion."[13] "Defendants point out that the purpose of a Complaint is not to allege each and every fact that the Plaintiff may eventually determine as necessary to win at trial, but rather allege only enough facts to  state a claim to relief that is plausible on its face."[14]  All the defense is asking is "to order the Plaintiff to provide a Complaint that comports with Rule 8 and which eliminates all surplusage by providing short, concise, and clear statements" so that the defense will not be "required to either spend unnecessary amounts of time to parse out the factual allegations wrapped within conclusory opinions, wrapped further within other factual allegations," and so that the defense will not be required "to resort to answers which essentially deny each and every allegation for lack of information or belief."[15]

**Analysis.**

Rule 8 requires Meidinger's complaint to contain a short and plain statement of (1) the court's jurisdiction, (2) the claim showing Meidinger is entitled to relief, and (3) Meidinger's demand for relief.  Rule 12 permits these defendants to present this defense and their motions:

---

[11]Doc. 12, p. 6-7.

[12]Doc. 12, p. 7.

[13]Doc. 14, p. 2.

[14]Doc. 14, p. 6.

[15]Doc. 14, p. 9-10 (punctuation and capitalization altered).

(1)     the defense of failure to state a claim upon relief can be granted (12(b)(6));

(2)     moving for a more definite statement because, according to the defense, Meidinger's complaint is so vague or ambiguous they cannot reasonably prepare a response (12(e)); and

(3)     moving to strike from Meidinger's complaint any matter which is redundant, immaterial, impertinent or scandalous (12(f)).

Fundamentally, a complaint "must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations."[16] Motions to strike under Rule 12(f) are viewed with disfavor and are rarely granted even though the court enjoys liberal discretion under Rule 12(f).[17] The primary purpose of Rule 8 is "to allow court and opposing party to understand whether a valid claim is alleged and, if so, what it is."[18] Notice is the issue.[19] Length alone generally does not justify rejecting a complaint.[20] "If the [trial] court understood the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8."[21]

It would be difficult to improve upon the words used by the Seventh Circuit Court Of Appeals to distinguish between "short and plain" and "unintelligible."

> Two themes emerge from our cases applying Rules 8 and 10. First, undue length
> alone ordinarily does not justify the dismissal of an otherwise valid complaint. Where
> a complaint does not comply with Rule 8's mandate of a short and plain statement of

---

[16]*Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) cert. denied, 131 S. Ct. 255, 178 L. Ed. 2d 168 (U.S. 2010) citing *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998).

[17]*Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

[18]*Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012).

[19]*Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011), reh'g denied (Mar. 1, 2012).

[20]*Id.*

[21]*Id.* (capitalization and punctuation altered).

the claim but nevertheless puts the defendant on notice of the plaintiff's claims, dismissal is inappropriate merely because of the presence of superfluous matter. *Davis* held that if the trial court understood the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8, and dismissal based on the inclusion of superfluous material is inappropriate. Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal. Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so. Again, the issue is notice; where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy.[22]

Examples of complaints subject to a successful challenge for violating Rule 8's short and plain standard are:

- 400 paragraphs covering 155 pages, and followed by 99 attachments;[23]

- deliberate and persistent refusal to comply with the requirements of Rule 8 despite adequate warning from the district court and sufficient opportunity to do so— first complaint consisted of 38 unnumbered pages containing 98 paragraphs. The district court found this complaint "needlessly long, repetitious and confused," and ordered the complaint dismissed with leave to amend. The amended complaint covered 98 pages and 144 numbered paragraphs. Moreover, before the amended complaint was filed, Michaelis commenced a second similar action by filing a 60-page complaint containing 99 numbered paragraphs. The style and prolixity of these pleadings would have made an orderly trial impossible.[24]

- 75–page fourth amended complaint contained 246 paragraphs with repeated references to various other declarations and documents filed with earlier complaints, one of which was Cody's own declaration containing 267 paragraphs, which in turn cited 260 exhibits.[25]

---

[22]*Id.* (internal citations, quotation marks and quoted material omitted, capitalization, brackets and punctuation altered).

[23]*U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 379 (7th Cir. 2003).

[24]*Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983).

[25]*Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012).

To analyze, compare and contrast Meidinger's complaint, return to the analysis of the Seventh Circuit in *Stanard v. Nygren.* The complaint there crossed the line from "unnecessarily long" to unintelligible because "rampant grammatical, syntactical, and typographical errors contributed to an overall sense of unintelligibility." "This was compounded by a vague, confusing, and conclusory articulation of the factual and legal basis for the claims and a general 'kitchen sink' approach to pleading the case."[26] Meidinger's complaint does not suffer from those types of deficiencies.

While Meidinger's complaint is perhaps unnecessarily long it has not crossed the line to unintelligible. If the trial court can understand the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8, according to *Stanard.* Meidinger's complaint passes the test even though it might contain superfluous allegations. He alleges federal jurisdiction under 28 U.S.C. § 1391(b). He alleges his claims under 42 U.S.C. § 1983. He claims constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments have been violated. He claims the City of Rapid City has unconstitutional customs, policies or practices which injured him. He claims Allender was deliberately indifferent to Medinger's injury. He prays for an award of compensatory damages, punitive damages, attorneys' fee and costs under 42 U.S.C. 1988, prejudgment and post-judgment interest, and demands a jury trial.

Defendants move to strike "Plaintiff's Complaint and every claim and cause of action in it." Rule 12(f) authorizes the court to strike from a complaint any redundant, immaterial, impertinent, or scandalous matter. But the defendants did not identify specific parts of the

---

[26]*Stanard v. Nygren*, 658 F.3d 792, 798-99 (7th Cir. 2011), reh'g denied (Mar. 1, 2012).

complaint to strike. Instead the defense asks to strike "every claim and cause of action in it." As the Seventh Circuit said courts "need not try to fish a gold coin from a bucket of mud." The complaint as a whole is sufficient to give notice to the defendants about the claims being asserted and to allow them to state their defenses. Because Meidinger's complaint intelligibly alleges (1) jurisdiction, (2) his claim, and (3) his demand for relief, both the motion to strike and the motion for a more definite statement are without merit.

Likewise, the alternative motion to compel Meidinger to amend his complaint cannot be granted. The parties disagree that parts of Meidinger's complaint are redundant or not relevant to his claim. At this stage the merits are not being reached, so whether a disputed matter is relevant or not relevant cannot be determined.

## CONCLUSION AND ORDER

The standard at this stage is not whether Meidinger's claims are meritorious. No assessment is made here that his claims are or are not meritorious. Likewise the assessment here is not whether his complaint is too long, or contains too much superfluous material. The assessment here is whether his claims are intelligible. Meidinger's allegations are intelligible (1) to give adequate notice to the defense about his jurisdictional basis, (2) to give adequate notice to the defense about the facts and legal theories which Meidinger claims entitle him to prevail against the defendants, and (3) to give adequate notice to the defense of Meidinger's demand for relief from the defense.

It is ORDERED that defendants' motions (Doc. 6) are DENIED.

Dated this *31* day of October, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge

8