UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RANDALL J. MEIDINGER,<br><br>             Plaintiff,<br><br>    vs.<br><br>PETER RAGNONE, in his individual<br>capacity,<br><br>             Defendant. | CIV. 12-5064-JLV<br><br>ORDER |

## INTRODUCTION

Before the court is defendant Peter Ragnone's motion to dismiss plaintiff Randall Meidinger's remaining claim against him.   (Docket 130).   Mr. Meidinger opposes the motion on the grounds that Officer Ragnone waived his ability to assert the affirmative defense of qualified immunity and that Mr. Meidinger has a valid Fourth Amendment claim based on Officer Ragnone's pre-grand jury conduct.   (Docket 139).   The court separately addresses a motion for attorney's fees made by former defendants Steve Allender, John Leahy, Sam Kooiker and the City of Rapid City.   (Docket 104).

## PROCEDURAL HISTORY

Mr. Ragnone filed claims under 42 U.S.C. § 1983 alleging the City of Rapid City, Peter Ragnone, Steve Allender, Jerry Wright, John Leahy and Sam Kooiker violated his constitutional rights as secured by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.   (Docket 1).   This

court granted defendants' unopposed motion to dismiss all of Mr. Meidinger's claims against the defendants in their official capacities.   (Docket 25).   The court granted the parties' stipulation to dismiss Mr. Meidinger's claims against defendant Jerry Wright.   (Docket 32).   The defendants City of Rapid City, Peter Ragnone, Steve Allender, John Leahy and Sam Kooiker filed a motion for summary judgment.   (Docket 38).   Defendant Sam Kooiker also filed a Rule 12(b)(6) motion to dismiss and a motion for leave to file an amended answer. (Dockets 42 & 44).   The court referred these motions to Magistrate Judge John E. Simko for a report and recommendation.   (Docket 49).

Judge Simko denied as moot defendant Kooiker's motion to file an amended answer.   (Docket 89).   Judge Simko also recommended granting the motion for summary judgment as to the City of Rapid City, Sam Kooiker, John Leahy and Steve Allender.   (Docket 90 at p. 36).   Judge Simko recommended granting Officer Ragnone's motion for summary judgment relating to Mr. Meidinger's Fourteenth Amendment claims but denying the motion relating to Mr. Meidinger's Fourth Amendment claim.   Id.   Judge Simko recommended denying defendant Sam Kooiker's motion to dismiss.   Id.   Plaintiff and defendants timely filed objections to Judge Simko's report and recommendation. (Dockets 93 & 94).

The court adopted Judge Simko's report and recommendation in accord with the analysis set forth in the court's opinion.   (Docket 102).   The court overruled all of Mr. Meidinger's objections to Judge Simko's report and

recommendation.   Id. at 22.   The court overruled in part and denied as moot in part the defendants' objections to Judge Simko's report and recommendation. Id.   Following this court's summary judgment decision, only Peter Ragnone, in his individual capacity, remained as a defendant in the suit.   (Docket 103). Officer Ragnone timely appealed the court's decision.   (Docket 108).   The United States Court of Appeals for the Eighth Circuit granted Mr. Meidinger's motion for the dismissal of Officer Ragnone's appeal.   (Docket 119).

As a result of the dismissal, the court scheduled the case for a jury trial to begin on May 11, 2015.   (Docket 122).   The court scheduled a pretrial conference for April 24, 2015, to resolve any issues remaining prior to trial.   On April 3, 2015, Officer Ragnone filed a Rule 12(b)(6) motion to dismiss Mr. Meidinger's remaining claims on the basis that Officer Ragnone was absolutely immune from Mr. Meidinger's remaining Fourth Amendment claims.   (Docket 130).   Mr. Meidinger resists the motion.   (Docket 139).   Officer Ragnone filed a brief in reply to Mr. Meidinger's response on April 23, 2015.   (Docket 150). The court addressed Officer Ragnone's motion to dismiss at the April 24, 2015, pretrial conference.

## MOTION TO DISMISS

### 1.   Motion to Dismiss Standard

Rule 12(b)(6) provides for dismissal if the plaintiff fails to state a claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   In evaluating a defendant's Rule 12(b)(6) motion, the court accepts as true all of the factual

allegations contained in plaintiff's complaint and grants all reasonable inferences in favor of the plaintiff as the nonmoving party.   Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).   See also Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (The court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).   "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

The court previously adopted the magistrate judge's findings of fact which were not the subject of objections.   (Dockets 102 at 2).   The parties did not raise specific objection to the magistrate judge's findings of fact at the April 24, 2015, hearing.   However, the court does not rely on its earlier factual findings in adjudicating Officer Ragnone's Rule 12(b)(6) motion to dismiss.   See Sorace v. United States, No. 14-2683, 2015 WL 3396641, at *5 (8th Cir. May 27, 2015) ("A

4

district court does not convert a motion to dismiss into a motion for summary judgment when, for example, it does not rely upon matters outside the pleadings in granting the motion.")

## 2.    Officer Ragnone's Absolute Immunity from § 1983 Liability for Testimony Given at a Grand Jury Proceeding

### A.    The State of Mr. Meidinger's Fourteenth and Fourth Amendment Claims

The magistrate judge analyzed Mr. Meidinger's reckless investigation and manufactured evidence claims[1] against Officer Ragnone under the Fourteenth Amendment because the claims were not specifically covered under the Fourth Amendment.   (Docket 90 at pp. 13-14).   The magistrate judge reasoned:

> The evidence used by the grand jury to indict [Mr.] Meidinger was [Officer] Ragnone's testimony about [Mr.] Meidinger's confession and Ragnone's testimony about the volume of misidentified material delivered to the landfill by Fish Garbage which was not sawdust. . . . Apart from [Officer] Ragnone's testimony about [Mr.] Meidinger's confession and sawdust which are analyzed . . . under the Fourth Amendment, there is no potentially material, predicate false or manufactured evidence from [Officer] Ragnone's investigation which was used to persuade the grand jury to indict [Mr.] Meidinger.

Id. at 17-18.

The magistrate judge concluded "[Mr.] Meidinger has not offered sufficient evidence to show [Officer] Ragnone's investigation violated [Mr.] Meidinger's substantive due process right to a fair investigation."   Id. at 19.   Mr. Meidinger

---

[1]Although the magistrate judge's and the court's prior analysis at times conflated Mr. Meidinger's reckless investigation and manufactured evidence claims, the court considers Mr. Meidinger to have alleged both and both to have been properly denied under the Fourteenth Amendment.

objected to the magistrate judge's report and recommendation in this regard. (Docket 93).

The court agreed with the magistrate judge's conclusion that "Mr. Meidinger has not offered sufficient evidence to support his theory of a police conspiracy to manufacture evidence designed to falsely formulate a pretense of probable cause to deprive him of his liberty." (Docket 102 at p. 20). The court overruled Mr. Meidinger's objections to the magistrate judge's report and recommendation and found "[v]iewing the facts in a light most favorable to Mr. Meidinger . . . there is insufficient evidence to support a reckless investigation claim against [Officer] Ragnone." Id. at 21.

With regard to Mr. Meidinger's Fourth Amendment claim, the magistrate judge determined genuine issues of material fact existed relating to testimony Officer Ragnone gave before two grand juries. (Docket 90 at p. 19). The magistrate judge reasoned Mr. Meidinger presented sufficient evidence that Officer Ragnone provided a grand jury with false testimony relating to whether Mr. Meidinger confessed to knowingly cutting breaks to Fish drivers and whether alternative cover was exclusively sawdust. Id. In denying Officer Ragnone's motion for summary judgment on Mr. Meidinger's Fourth Amendment claims, the magistrate judge concluded "[b]oth [Officer] Ragnone's testimony about Meidinger's confession and [Officer] Ragnone's testimony about sawdust are material, predicate facts about which there is a genuine dispute." Id. at 20.

In support of his conclusion, the magistrate judge noted:

> A jury could reasonably conclude [Officer] Ragnone inappropriately accepted that [Mr.] Meidinger confessed or that [Officer] Ragnone intentionally testified falsely when he testified that [Mr.] Meidinger confessed. A jury likewise could reasonably conclude [Officer] Ragnone inappropriately accepted that sawdust is the exclusive material which is alternate cover or that he intentionally testified falsely when he told the grand jury that sawdust is the exclusive material which is alternate cover.

Id. at 23. Officer Ragnone objected to the magistrate judge's report and recommendation in this regard. (Docket 94).

The court found the magistrate judge did not err in denying Officer Ragnone's motion for summary judgment on Mr. Meidinger's Fourth Amendment claims and overruled the defendant's objection. (Docket 102 at p. 9). In reaching this finding the court determined:

> Viewing these facts in the light most favorable to Mr. Meidinger, "a jury could . . . conclude [Officer] Ragnone inappropriately accepted that Mr. Meidinger confessed or that [Officer] Ragnone intentionally testified falsely when he testified that [Mr.] Meidinger confessed. . . . Additionally, a jury could conclude Mr. Ragnone inappropriately accepted that sawdust was the only alternate cover material or that he intentionally testified falsely about alternate cover.

Id. at 9 (internal quotation marks omitted).

The court granted Officer Ragnone's motion for summary judgment relating to Mr. Meidinger's reckless investigation and manufactured evidence claims under the Fourteenth Amendment and denied Officer Ragnone's motion for summary judgment relating to Mr. Meidinger's Fourth Amendment claim. Mr. Meidinger's only remaining claim following the court's partial summary judgment order (Docket 102) is his Fourth Amendment claim relating to the

allegedly false testimony Officer Ragnone provided to a grand jury.[2]   (Docket 103).

Mr. Meidinger asserts Officer Ragnone waived the affirmative defense of absolute immunity from § 1983 liability and also asserts that absolute immunity does not attach to Officer Ragnone's pre-grand jury conduct under <u>Rehberg v. Paulk</u>.   132 S. Ct. 1497 (2012).   Each issue is addressed in turn.

### B.    Officer Ragnone Did Not Waive the Defense of Absolute Immunity

"It is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c)[3] results in the waiver of that defense and its exclusion from the case. . . ."   5 Wright & Miller et al., <u>Fed. Practice and Procedure</u> § 1278, <u>Effect of Failure to Plead an Affirmative Defense</u> (3d ed.).

> Of course, the waiver rule that has developed in the practice under Rule 8(c) is not applied automatically with regard to omitted affirmative defenses and as a practical matter there are numerous exceptions to it based on the circumstances of particular cases . . . . [T]he substance of many unpleaded Rule 8(c) affirmative defenses

---

[2]The court notes that judgment was entered in favor of defendants Kooiker, Leahy, Allender and the City of Rapid City and against Mr. Meidinger on all of Mr. Meidinger's claims.   (Docket 103).

[3]Rule 8(c) provides, in pertinent part, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."   Fed. R. Civ. P. 8(c).   Absolute immunity is an affirmative defense that must be pled and proved by the party asserting it.   <u>See, e.g.</u>, <u>Green v. James</u>, 473 F.2d 660, 661 (9th Cir. 1973) (citing <u>Morgan v. Willingham</u>, 424 F.2d 200, 202 (10th Cir. 1970)); <i>Cf.</i> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815 (1982) ("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official.") (citing <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980)).

may be asserted by pretrial motions, particularly in the absence of any showing of prejudice to the opposing party and assuming it has had an opportunity to respond.

Moreover, even if the defendant does not assert an affirmative defense in the answer, . . . it has been concluded in many cases that the defendant may amend the answer to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the district court, which "shall be freely given when justice so requires."

Id.

The Eighth Circuit held "when an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal."   Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008) (internal quotation marks and citations omitted).   In Sherman, the Eighth Circuit affirmed the district court's inclusion of a belated affirmative defense.   See id. ("Consistent with governing caselaw, the district court recognized that Rule 8(c) is not an absolute bar to a party's belated attempt to plead an affirmative defense . . . .").   The Eighth Circuit held that "an affirmative defense can even be raised on appeal where the evidence supports that defense."   Coohey v. United States, 172 F.3d 1060, 1064 n.8 (8th Cir. 1999) (citing Overholt Crop Ins. Service Co. v. Travis, 941 F.2d 1361, 1368 (8th Cir. 1991) (further citations omitted).

In his memorandum in support of his motion for summary judgment, Officer Ragnone asserted the defense of absolute immunity from § 1983 liability for testimony given at a grand jury proceeding.   (Docket 40 at pp. 19-20).   Mr. Meidinger failed to address Officer Ragnone's defense of absolute immunity in

9

his response to defendants' motion for summary judgment.   (Docket 57).   The court finds that as of September 30, 2013, the date of defendants' brief in support of their motion for summary judgment, Officer Ragnone asserted the affirmative defense of absolute immunity from § 1983 liability for testimony given at a grand jury proceeding.   From that point on, Mr. Meidinger was on notice of Officer Ragnone's defense and had multiple occasions in which to offer a rebuttal, however, no rebuttal was given.   Mr. Meidinger cannot now claim he was unfairly surprised or prejudiced by Officer Ragnone's failure to affirmatively plead the defense in strict compliance with Rule 8(c).

Officer Ragnone's failure to object to the magistrate judge's report and recommendation on the basis of his absolute immunity from § 1983 liability for testimony given at a grand jury proceeding does not operate as a waiver of the defense.   See Kliment v. Astrue, 710 F. Supp. 2d 831, 846 n.4 (N.D. Iowa 2010) (A party "does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation.") (citing United States v. Benshop, 138 F.3d 1229, 1234 (8th Cir. 1998)).   The legal issue of Officer Ragnone's absolute immunity from § 1983 liability is highly relevant to Mr. Meidinger's remaining Fourth Amendment claim, especially where the issue has not yet been considered by the court.

Judicial economy favors analyzing Officer Ragnone's absolute immunity defense prior to trial.   Had the case proceeded to trial, the issue of Ragnone's absolute immunity from § 1983 liability would have remained as the same

argument would simply have been refashioned into a motion for judgment as a matter of law under Rule 50.   (Docket 150 at p. 2).   At that point, the parties and the court would have expended significant time and resources preparing and trying the case to a jury.   Furthermore, had Officer Ragnone requested leave to amend his answer to raise the defense of absolute immunity as alluded to at the pretrial conference, Rule 15 instructs the court to "freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   The court finds that justice would require granting Officer Ragnone leave to amend his answer to include the affirmative defense of absolute immunity.

The court notes its consideration of Officer Ragnone's motion to dismiss is not barred by its prior partial summary judgment decision in this case.   Laird v. Stilwill, 982 F. Supp. 1345, 1354-55 (N.D. Iowa 1997) ("[A]district court's 'partial summary judgment' [is] not subject to the strictures of Rule 59(e), and the district court retain[s] the power to deal with any aspect of the lawsuit until its termination by the entry of a final and appealable judgment.") (quoting Deimer v. Cincinnati Sub-Zero Products, Inc., 990 F.2d 342, 346 (7th Cir. 1993) (internal quotation marks and further citations omitted).   "Thus, the court's discretion to alter or amend its grant of partial summary judgment is actually broader than would be its power to alter or amend a final judgment pursuant to either Rule 59(e) or Rule 60(b), because the court retains the discretion to alter or amend such a non-final, non-appealable interlocutory order."   Id. (citing Deimer, 990 F.2d. at 346)

11

The court finds Officer Ragnone has not waived the affirmative defense of absolute immunity from § 1983 liability for testimony given at a grand jury proceeding.    The court next considers the merits of Officer Ragnone's defense.

### C.    Officer Ragnone is Absolutely Immune from § 1983 Liability Due to Testimony Given at a Grand Jury Proceeding

"[G]rand jury witnesses should enjoy the same immunity as witnesses at trial.   This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony."   Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012).   The Rehberg Court was faced with the issue of whether a grand jury witness was entitled to absolute immunity from a § 1983 claim based on allegedly false grand jury testimony.   Id. at 1501.   The Rehberg Court analogized the testimony of a grand jury witness with the testimony of a trial witness and noted "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony."   Id. at 1505 (citing Briscoe v. LaHue, 460 U.S. 325, 332-33 (1983).

The Rehberg Court concluded "[w]hen a witness is sued because of his testimony . . . 'the claims of the individual must yield to the dictates of public policy.' "   Id. (quoting Briscoe, 460 U.S. at 332-33) (further internal quotation marks and citations omitted).   The court reasoned "[w]ithout absolute immunity for witnesses . . . the truth-seeking process at trial would be impaired" as witnesses " 'might be reluctant to come forward to testify' " or if the witness did testify, he " 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.' "   Id. at 1505 (quoting Briscoe, 460

12

U.S. at 333).   The <u>Rehberg</u> Court further reasoned that absolute immunity is necessary for a grand jury witness, like a trial witness, because "[i]n both contexts, a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence"; and in neither circumstance is the "deterrent of potential civil liability needed to prevent perjurious testimony" as "other sanctions—chiefly [a criminal] prosecution for perjury—provide[s] a sufficient deterrent."   <u>Id.</u> (citing <u>Briscoe</u>, 460 U.S. at 342).

The <u>Rehberg</u> Court determined law enforcement witnesses are entitled to absolute immunity from § 1983 suits based on grand jury testimony.   <u>Id.</u> at 1505-06.   The Court found no "reason to distinguish law enforcement witnesses from lay witnesses."   <u>Id.</u> at 1505.   In support of its conclusion, the Court noted: (1) "[i]f police officer witnesses were routinely forced to defend against claims based on their testimony, their energy and attention would be diverted from the pressing duty of enforcing the criminal law"; <u>id.</u> at 1506 (internal quotation marks and citations omitted); (2) "a police officer witness' potential liability, if conditioned on the exoneration of the accused, could influence decisions on appeal and collateral relief"; <u>id.</u> (citations omitted); and (3) "law enforcement witnesses face the possibility of sanctions not applicable to lay witnesses, namely, loss of their jobs and other employment-related sanctions."   <u>Id.</u>

The Supreme Court's decision in <u>Rehberg</u> is squarely on point with this case.   Officer Ragnone has absolute immunity from any § 1983 claim based on his grand jury testimony.   Mr. Meidinger's § 1983 claim asserting a violation of his Fourth Amendment rights based on testimony Officer Ragnone gave while at

13

a grand jury proceeding must fail as Officer Ragnone is absolutely immune from § 1983 liability in this regard.[4]   Even when the court accepts as true Mr. Meidinger's allegation that Officer Ragnone provided false grand jury testimony, Mr. Meidinger's § 1983 claim fails to state a plausible claim upon which relief can be granted.   See Iqbal, 556 U.S. at 679.   "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."   Id.

Mr. Meidinger, confronted with Officer Ragnone's absolute immunity from a § 1983 suit for false statements given at a grand jury proceeding, asserts Officer Ragnone "set a criminal action in motion based on fabricated evidence that ultimately lead to a grand jury indictment."   (Docket 140 at p. 9).   Mr. Meidinger avers Officer Ragnone authored a police report prior to his grand jury testimony which mirrored his subsequent grand jury testimony, and which was forwarded to prosecutors who used the information to prepare a criminal indictment against Mr. Meidinger.   Id. at 8-9.   Mr. Meidinger asserts absolute immunity does not extend to Officer Ragnone's pre-grand jury conduct.   Id. at 6-10 (citing, among other cases, Lisker v. City of Los Angeles, 780 F.3d 1237 (9th Cir. 2015)).

The court agrees.   See Rehberg, 132 S. Ct. at 1507 n.1 ("Of course, we do not suggest that absolute immunity extends to *all* activity that a witness conducts outside of the grand jury room.   For example, we have accorded only

---

[4]Mr. Meidinger apparently concedes this point as the court received no argument from plaintiff asserting Officer Ragnone was *not* entitled to absolute immunity from a § 1983 claim based solely on his grand jury testimony.

14

qualified immunity to law enforcement officials who falsify affidavits . . . and fabricate evidence concerning an unsolved crime.") (citations omitted).   The magistrate judge and the court afforded Officer Ragnone *only* qualified immunity when adjudicating and ultimately granting Officer Ragnone's motion for summary judgment on Mr. Meidinger's reckless investigation and manufactured evidence claims.   (Dockets 90 at pp. 12-19; 102 at pp 17-21).   The court's qualified immunity analysis was appropriate.   <u>See</u> <u>Winslow v. Smith</u>, 696 F.3d 716, 730-33 (8th Cir. 2012) (affording defendants only qualified immunity when analyzing plaintiffs' reckless investigation and false evidence claims); <u>Lisker</u>, 780 F.3d at 1243 (reasoning that "[q]ualified immunity provides sufficient protection for [the defendants' investigative] activities.").

Mr. Meidinger's reckless investigation and manufactured evidence claims were properly analyzed under the Due Process Clause of the Fourteenth Amendment in accord with existing Eighth Circuit precedent.   <u>See, e.g.</u>, <u>Moran v. Clarke</u>, 296 F.3d 638, 647 (8th Cir. 2002) (en banc) ("Although the Fourth Amendment covers seizures, which would be satisfied by [plaintiff's] arrest, law enforcement's intentional creation of damaging facts would not fall within [the] ambit [of the Fourth Amendment]. . . . Here, we see no specifically applicable constitutional remedy that provides [the plaintiff] with explicit protection to a

15

level sufficient to exclude substantive due process analysis.");[5] <u>Winslow</u>, 696 F.3d at 732 ("[A]ll courts that have directly confronted the question before us agree that the deliberate manufacture of false evidence contravenes the Due Process Clause.") (quoting <u>Whitlock v. Brueggemann</u>, 682 F.3d 567, 585 (7th Cir. 2012) (internal quotation marks omitted));[6] <u>White v. Smith</u>, 696 F.3d 740, 754 (8th Cir. 2012) ("If officers use false evidence, including false testimony, to secure a conviction, the defendant's due process is violated.") (internal quotation marks and citations omitted).

Mr. Meidinger refers the court to cases analyzing the outer limits of the Supreme Court's decision in <u>Rehberg</u>, under the auspices of § 1983 claims alleging, in part, a malicious prosecution or failure to intervene.[7]   (Docket 140 at pp. 6-10).   The court finds the arguments inapposite.   See <u>Sankar v. City of New York</u>, No. 07 CV 4726(RJD)(SMG), 2012 WL 2923236, at *3 (E.D.N.Y. July 18, 2012) ("Defendants' attempt to convert grand jury testimony into an all-purpose shield from malicious prosecution liability is unpersuasive."); <u>Coggins v. Buonora</u>, 776 F.3d 108, 113-14 (2d Cir. 2015), <u>cert. denied</u>, No.

---

[5]The court cites <u>Moran</u> for the limited purpose of determining whether Mr. Meidinger's reckless investigation and manufactured evidence claims were properly analyzed under the Fourteenth Amendment.   The court reaffirms its prior analysis distinguishing Mr. Meidinger's Fourteenth Amendment claims from those at issue in <u>Moran</u>.   (Dockets 90 at pp. 14-16; 102 at pp. 17-21).

[6]The <u>Winslow</u> court also held that "a due process right against a reckless investigation was clearly established in 1986."   <u>Winslow</u>, 696 F.3d at 739.

[7]Mr. Meidinger exclusively cites to cases from jurisdictions representing only persuasive authority.

14-1232, 2015 WL 1647328 (U.S. May 18, 2015) ("The fact that [the defendant's] grand jury testimony paralleled information he gave in other contexts does not mean that [the plaintiff's] malicious prosecution claim was 'based on' [the defendant's] grand jury testimony. . . . Rather it was based on [the defendant's] conduct that laid the groundwork for [plaintiff's] indictment. . . . [T]he district court properly found that absolute immunity is inappropriate.");[8] Carr v. City of New York, No. 11 CIV. 6982(SAS), 2013 WL 1732343, at *6 (S.D.N.Y. Apr. 19, 2013) (Although the court dismissed plaintiff's malicious prosecution claim, implicit in the court's dismissal is the court's determination that a malicious prosecution claim was in fact a cognizable claim.); Del Col v. Rice, No. 11 CV 5138(MKB), 2012 WL 6589839, at *14 n.19 (E.D.N.Y. Dec. 18, 2012) ("While Rehberg v. Paulk holds that grand jury testimony cannot be the sole basis for a § 1983 claim, courts have allowed malicious prosecution claims to proceed, where malicious prosecution claims are based on more than false grand jury testimony. . . . Plaintiffs can proceed at this stage with their malicious prosecution claims against these Defendants."), adhered to on reconsideration, No. 11-CV-5138(MKB), 2013 WL 4052867 (E.D.N.Y. Aug. 12, 2013).

---

[8]The court cites the appellate decision, rather than the district court opinion referenced by Mr. Meidinger, which is Coggins v. Cnty. of Nassau, 988 F. Supp. 2d 231, 238 (E.D.N.Y. 2013), aff'd in part, appeal dismissed in part sub nom.   The district court found that the plaintiff articulated a plausible claim under a failure to intervene theory.   Id. at 245.

Mr. Meidinger has not alleged a malicious prosecution or failure to intervene cause of action.   <u>See</u> Docket 1.   The Eighth Circuit has not yet determined whether malicious prosecution is a constitutional injury.   <u>Bates v. Hadden</u>, 576 F. App'x 636, 639 (8th Cir. 2014) (citing <u>Harrington v. City of Council Bluffs, Iowa</u>, 678 F.3d 676, 680 (8th Cir. 2012); <u>Kurtz v. City of Shrewsbury</u>, 245 F.3d 753, 758 (8th Cir. 2001); <u>Technical Ordnance, Inc. v. United States</u>, 244 F.3d 641, 650 (8th Cir. 2001)).   The Eighth Circuit also has not yet recognized a "duty to intervene to prevent other constitutional violations." <u>Livers v. Schenck</u>, 700 F.3d 340, 360 (8th Cir. 2012).   The court fails to perceive how Mr. Meidinger, on the basis of a malicious prosecution or failure to intervene claim, would breach Officer Ragnone's qualified immunity shield.   <u>See</u> <u>Winslow</u>, 696 F.3d at 730-31 ("[A] claim of qualified immunity requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct.") (internal quotation marks and citations omitted).

Mr. Meidinger's reckless investigation and manufactured evidence claims stemming from Officer Ragnone's pre-grand jury conduct were properly analyzed and dismissed under the Due Process Clause of the Fourteenth Amendment. Officer Ragnone is entitled to absolute immunity from § 1983 liability for

testimony given at a grand jury proceeding.   The court grants Officer Ragnone's

Rule 12(b)(6) motion to dismiss.[9]

## MOTION FOR ATTORNEY'S FEES

Following the court's dismissal of Mr. Meidinger's claims against

defendants City of Rapid City, Steve Allender, John Leahy and Sam Kooiker ("the

defendants") (Docket 103), the defendants moved the court for an order requiring

Mr. Meidinger to pay their attorney's fees under 42 U.S.C. § 1988(b).   (Docket

104).   The defendants aver cumulative attorney's fees of $93,875.75 were

incurred in defending against Mr. Meidinger's claims.   Id. at 3.   The defendants

request attorney's fees of $75,100.60 (80%, or 4/5, of $93,875.75).   Id.   The

defendants submitted an affidavit and several billing statements in support of

their motion.   (Dockets 118 & 118-1).   The defendants also submitted a bill of

costs with supporting invoices.   (Dockets 106 & 106-1).   Mr. Meidinger resists

the motion.   (Dockets 112, 113 (brief), 115, 116 (brief), 121).[10]

---

[9]The court is troubled by the status of the law post-Rehberg, especially when contrasted against the allegations raised by Mr. Meidinger regarding Officer Ragnone.   However, the court must apply the law in its present form. The court's decision should not be construed as a determination that Officer Ragnone did nothing wrong, only that he enjoyed absolute immunity from § 1983 claims for testimony given at a grand jury proceeding.

[10]The defendants initially moved to file the billing statements of their attorney's under seal.   (Docket 107).   The court denied the defendants' motion. (Docket 117).   Only one of Mr. Meidinger's responses to the defendants' attorney's fees (Docket 121) was filed after the defendants re-filed their affidavit and billing statements with the court on December 5, 2014.   Therefore, to the extent Mr. Meidinger's earlier responses argue he was unable to examine the billing statements of defendants' attorneys, the argument is moot.

The court interprets the defendants' motion for attorney's fees as containing both the defendants' motion and legal arguments in support of the motion.   (Docket 104).   The court finds D.S.D. Civ. LR 7.1B is satisfied by the brief legal arguments and factual recitations contained in Docket 104.   The court addresses the merits of the defendants' motion for attorney's fees.

A court may award attorney's fees to a prevailing party in a lawsuit brought under § 1983.   42 U.S.C. § 1988(b).   A court's decision to award a prevailing defendant, as opposed to a prevailing plaintiff, attorney's fees causes the court to consider "quite different equitable considerations," namely "to protect defendants from burdensome litigation having no legal or factual basis." Fox v. Vice, 131 S. Ct. 2205, 2213 (2011) (internal quotation marks omitted) (quoting Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 419, 420 (1978) (further citations omitted).   "A prevailing defendant . . . 'is entitled to attorney's fees only in very narrow circumstances.' "   Williams v. City of Carl Junction, Mo., 523 F.3d 841, 843 (8th Cir. 2008) (quoting Marquart v. Lodge 837, Int'l Ass'n of Machinists, 26 F.3d 842, 848 (8th Cir. 1994) (internal quotation marks and further citations omitted).

"[Section] 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.' "   Fox, 131 S. Ct. 2205, 2213 (quoting Christiansburg, 434 U.S. at 421; see also Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983) ("A prevailing defendant may recover an attorney's fee only where the suit was

20

vexatious, frivolous, or brought to harass or embarrass the defendant.") (citing H.R. Rep. No. 94-1558, p. 7 (1976) (further citations omitted); Williams, 523 F.3d at 843 (" '[A] plaintiff should not be assessed his opponent's attorney's fees' " unless the district court " 'finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' ") (quoting Hughes v. Rowe, 449 U.S. 5, 15, (1980) (per curiam)) (further citations omitted); Marquart, 26 F.3d 851 ("[T]o prevail on their requests for attorney's fees, the defendants *must show* that the evidence provided a basis for well-supported findings that the suit is frivolous, unfounded, and vexatiously brought and pursued.") (quoting Davis v. City of Charleston, Mo., 917 F.2d 1502, 1505 (8th Cir. 1990)); Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (defining "frivolous" as "when the 'result is obvious or the . . . arguments of error are wholly without merit.' ") (quoting McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981).

The Supreme Court cautions district courts to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22. Similarly, the Eighth Circuit held "[e]ven allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or without foundation." Williams, 523 F.3d at 843 (internal quotations marks, brackets and citations omitted). "So long as the plaintiff has 'some basis' for

21

[his] claim, a prevailing defendant may not recover attorneys' fees." Id. (quoting EEOC v. Kenneth Balk & Assocs., Inc., 813 F.2d 197, 198 (8th Cir. 1987)) (further citations omitted).   In instances where a § 1983 plaintiff asserts multiple claims, as is the case here, "[s]ection 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim." Fox, 131 S. Ct. at 2215.

Mr. Meidinger's claims were not frivolous, unreasonable or without foundation.   The circumstances under which Mr. Meidinger brought his suit must not be forgotten.   Officer Ragnone interrogated Mr. Meidinger on a Friday and the following Monday Mr. Meidinger was terminated.   (Docket 90 at pp. 5-6).   Mr. Meidinger was indicted by three different grand juries.   Id. at 6. Officer Ragnone testified at two of the grand jury proceedings.   Id.   Mr. Meidinger's case was tried to a jury and he was acquitted.   Id.   The City of Rapid City sued Mr. Meidinger civilly but the suit was dismissed after a co-defendant, Fish Garbage Service, Inc., confessed judgment.   Id. at 7.   Mr. Meidinger was terminated from his job at the Rapid City Regional Landfill in which he earned $17.57 per hour and was forced to take a job in which he now earns $8.25 per hour.   See Dockets 143-4 at pp. 5-6; 143-5 at p. 1).   Mr. Meidinger liquidated his then-existing retirement account which amounted to $57,196.34 and used the majority of the proceeds ($37,291.47) to pay a portion of his attorney's fees incurred defending against the criminal charges on which he was ultimately acquitted.   (Docket 143-5 at p. 3).

One of Mr. Meidinger's claims was that the City of Rapid City, Mr. Kooiker, Mr. Allender, Officer Ragnone and Mr. Leahy recklessly investigated, manufactured evidence and testified falsely to a grand jury "in concert and conspiracy with one another, violated Randy's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution." (Docket 1 at p. 27). The court notes it is well established that "conspiracies are by their very nature secretive operations that can hardly ever be proven by direct evidence." Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994) (citations omitted). Mr. Meidinger's allegations of reckless investigation, manufactured evidence and providing false testimony to a grand jury were the core of his claims against each defendant. Mr. Meidinger's initial reliance on circumstantial evidence to support his claims is not misplaced as these claims are difficult to prove. It is not surprising that as the parties and the court continued to parse the facts and legal issues, the evidence revealed that certain claims, namely those relating to Officer Ragnone, were stronger than those relating to the other defendants.

Although the court ultimately dismissed all of Mr. Meidinger's claims, the court did so only after receiving hundreds of pages of briefing and hours of oral argument. "There is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." Mitchell v. Office of Los Angeles County, 805 F.2d 844, 846 (9th Cir 1986).

Mr. Meidinger's current financial condition also militates against granting defendants' motion for attorney's fees.   "[A] district court in cases involving 42 U.S.C. §§ 1981, 1983 or Title VII should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant."   Miller v. Los Angeles County Board of Ed., 827 F.2d 617, 621 (9th Cir. 1987) (citing Munson v. Friske, 754 F.2d 683, 697-98 (7th Cir. 1985); Charves v. Western Union Telegraph Co., 711 F.2d 462, 465 (1st Cir. 1983); Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982)).   Mr. Meidinger currently earns $330 (gross) per week as he earns $8.25 per hour and works 40 hours per week.   (Docket 116-2).   His assets consist of his personal effects, clothing, a 2003 Dodge Dakota pickup and a 2003 Honda Shadow motorcycle, a savings account containing less than $100 and a retirement account valued at approximately $4,000.   Id.   Mr. Meidinger would be financially devastated if forced to pay defendants' attorney's fees.

Imposing a $75,100.60 attorney's fees bill on Mr. Meidinger would run contrary to Congress' goals when enacting the civil rights legislation and may chill the filing of legitimate civil rights claims in this district.   See Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 234 (1st Cir. 2012) ("Congress granted parties the prospect of a reasonable attorney's fee under 42 U.S.C. § 1988 to encourage the prosecution of legitimate civil rights claims; to award fees to prevailing defendants when the history of a case does not justify it undercuts that goal and chills civil rights litigation.").

Even when the court considers that Mr. Meidinger's claims against Officer Ragnone ultimately were stronger than those brought against the City of Rapid

24

City, Mr. Allender, Mr. Leahy and Mr. Kooiker, the defendants' motion for attorney's fees fails to sufficiently demonstrate the portion of their "attorney's fees incurred because of, but only because of, a frivolous claim."   Fox, 131 S. Ct. at 2215.   Mr. Meidinger's claims against Officer Ragnone arose from the same circumstances as his claims against the other defendants.   The defense issues raised in response to Mr. Meidinger's claims against Officer Ragnone, namely qualified immunity, overlapped with those raised by defendants Mr. Allender, Mr. Leahy and Mr. Kooiker.   The defendants' reference to factual assertions contained in the defendants' statement of material facts offered in support of their motion for summary judgment fails to satisfy the burden imposed under Fox, especially where Mr. Meidinger disputed the assertions either in whole or in part.   See Dockets 39 & 58.

The billing statements of the defendants' attorneys do not provide the court with any clarity.   See Docket 118-1.   The defendants' requested *pro rata* allocation of attorney's fees is incorrect following the Supreme Court's decision in Fox.   See Docket 104 at 93; see also Fox, 131 S. Ct. at 2215 (A prevailing defendant is only entitled to recover "reasonable attorney's fees because of, but only because of, a frivolous claim.").   The billing statements, while helpful in allocating costs between defendants and discrete tasks the attorneys performed on behalf of some or all of the defendants, provide no discernable basis by which the court can accurately allocate the costs incurred by the defendants in defending against the different *claims* brought by Mr. Meidinger.   See Fox, 131 S. Ct. at 2216 ("The fee applicant . . . must, of course, submit appropriate

25

documentation to meet the burden of establishing entitlement to an award. . . . But trial courts need not, and indeed should not, become green-eyeshade accountants.") (internal quotation marks omitted).

In short, Mr. Meidinger's claims were brought in good faith and were not frivolous, unreasonable or without foundation.   The defendants failed to demonstrate the requested attorney's fees were incurred because of, but only because of, a frivolous claim by Mr. Meidinger, and the defendants failed to provide the court with a basis by which it could accurately allocate the cost of defendants' attorney's fees between Mr. Meidinger's claims.

## ORDER

Good cause appearing, it is

ORDERED that defendant Peter Ragnone's motion to dismiss (Docket 130) is granted for the reasons set forth above and as provided by the court at the April 24, 2015, hearing.

IT IS FURTHER ORDERED that the motion for attorney's fees (Docket 104) made by defendants City of Rapid City, Steve Allender, John Leahy and Sam Kooiker is denied.

IT IS FURTHER ORDERED that Peter Ragnone's motions (Dockets 124, 129 & 145) are denied as moot.

Dated September 26, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

26